No. 7956.

SUCCESSION OF FRANÇOIS EDMOND DUPUY. OPPOSITION OF CITY OF NEW
ORLEANS TO ACCOUNT AND TABLEAU OF EXECUTORS.

The validity of the assessment of taxes for the year 1880 and the levy of the same in December, 1879, by the City of New Orleans, by virtue of the laws then in force, was not affected by the Constitution of 1879 or subsequent statutes. Decision in New Orleans vs. Vergnole, 33 An., 35 affirmed.

The summary mode of collection provided for by said Constitution and Act No. 77 of 1880, does not apply to the taxes levied by the City of New Orleans in December, 1879.

When property of a succession, upon which the said City has a privilege for the payment of her taxes, has been sold by order of the Court of Probates, that privilege is transferred to the proceeds and the City has the right to be paid out of the same, and, therefore, to oppose the Account of the Executor.

The condition affixed to the sale by the order of Court, that the purchaser shall assume certain taxes, cannot bind the City who is no party to the proceedings or agreement, and compel her to sue the purchasers for the payment of such taxes.

APPEAL from the Second District Court, parish of Orleans.  *Tissot,*
J.

*Frank N. Butler* and *Sam'l P. Blanc* for the City of New Orleans,
Opponent and Appellee:

I.

The levy of a municipal tax creates a legal obligation to pay the assessment, on the part of the taxpayer; and that obligation may be enforced in any ordinary legal proceeding, notwithstanding the law has provided a summary method for a collection of the tax.

II.

Act 77 of the year 1880.

(a)  *Unconstitutional:* Because,
   1.  The object of the law is not disclosed in its title.
   2.  The act embraces more than one object.
   3.  It is retroactive in its operation.
   4.  It divests vested rights.
(b)  *Inapplicable to Municipal taxes.*

III.

Provision in Act 77, relative to a Tax-Collector's sale.

1.  It depends entirely upon the statute in which it is found; and that statute being void for unconstitutionality, the provision falls to the ground.
2.  It is cumulative, not restrictive.

IV.

The city has not lost the right to proceed against the succession of Dupuy, nor against the proceeds of the assessed property embraced by the tableau of distribution.

V.

The judgment appealed from is not directed against the "general funds" of the estate, but against the specific fund arising from a sale of the property assessed; and if it was otherwise, the matter is not of sufficient importance to engage the attention of the Supreme Court; and

VI.

Amendment of judgment by allowing interest at the rate of ten per cent per annum from March 31, 1880, upon the amount of the tax bills.

Succession of Dupuy.

*C. E. Schmidt*, for the Succession, Appellant:

First—Even if Act 77 of the Session of 1880 were inapplicable to this case, the city has no right to any judgment against the general funds in the hands of the executors of this estate. It could only claim such a judgment as would be enforceable against the specific property chargeable with the tax, unless the sale of said property had been effected under the order of the Probate Court for the purpose of paying the charges upon the property, among other debts.

Second—The order of court in the present case directed that the property should be sold subject to the tax lien, the payment of which was assumed by the purchaser. The sale did not, in any manner, affect the city's lien upon, or right to proceed against, the property.

Third—But the Act No. 77 of 1880 directed an assessment to be made in the year 1880 for the levy of taxes in the course of that year, and provided for the mode of collecting the same, the whole in conformity with the requirements of the Constitution of 1879. That assessment was not completed at the time of the trial of this case in the District Court. (R. pp. 47 and 48). Both under the provisions of the said Act No. 77 and those of the Constitution, the taxes that were to become due the city for the year 1880, had not been ascertained at the date of the sale of the property of the estate in April last, or of the trial of this case in June; and no judgment could, therefore, validly have been rendered therefor in favor of the city.

Fourth—Under the provisions of the Act No. 77 of 1880, and of the Constitution of 1879, no suit is authorized for the payment of either State or municipal taxes due on real property, but the collector can only enforce the payment of such taxes by sale at the expiration of the year in which they are due.

The city had, therefore, clearly no right to oppose the executor's tableau.

The opinion of the Court was delivered by

Todd, J. On the 10th of April, 1880, the property of this succession was sold to effect a partition between the heirs of the deceased.

On the 31st of May, thereafter, the testamentary executors of the estate filed an account of their administration and a tableau of distribution.

This account and tableau was opposed by the City of New Orleans, on the ground that the city was not recognized therein as a creditor for the amount of taxes with which the property was affected, the proceeds of which were sought to be distributed.

There was judgment in favor of the city, sustaining the opposition, and ordering the taxes claimed, to the amount of $1953 95, to be paid by the executors, from which judgment the executors have appealed.

The city has moved for an amendment of the judgment, and asked for the allowance of ten per cent interest on the amount of the taxes from the 31st of March, 1880.

The claim of the city is opposed, substantially, on the following grounds:

1st. That the taxes levied by the corporate authorities of the City of New Orleans in 1879, for 1880, had been superseded by the assessments made, or to be made, under Act 77 of 1880.

2d. That the tax claimed can only be realized or collected through a sale by the tax-collector of the property assessed.

3d. That the city must pursue the property in the hands of the purchasers at succession sale; that the terms of the order of sale directed that the property be sold, subject to the taxes, which were to be assumed by the purchasers.

First. The municipal taxes of the City of New Orleans, for the year 1880, were levied and imposed in the month of December, 1879, in strict accordance with the laws on that subject previously enacted. Under this levy and assessment, a legal obligation had been imposed on the taxpayers of the city for the payment of their respective taxes before the Constitution of 1879 went into effect, which was on the first of January, 1880.

In the case of the City of New Orleans vs. Julien Vergnole, recently decided by this Court, and not reported, we had occasion to consider whether the licenses imposed under the authority of the same laws, and at the same time that the municipal taxes were levied, were abrogated, or in any manner affected by the articles of the Constitution or subsequent statutes containing provisions inconsistent with the laws and ordinances under which such licenses were imposed; and we held that they were *not* abrogated or affected by such subsequent provisions. Our reasoning in that case, and the authorities cited in support of the same, are applicable in this case, where the validity of the taxes imposed under the same authority, and at the same time, is attacked. And for the reasons assigned in that case, supported by the authorities cited, we are of opinion that the assessment of the taxes, the payment of which is resisted in the case at bar, was legal and valid, and the city had the legal right to enforce the collection of the same.

Second. We do not consider the provisions of Act 77 of 1880, or the article of the Constitution relating to the collection of taxes, as applicable to the municipal taxes levied and imposed by the corporate authorities of the City of New Orleans in December, 1879. Even were it otherwise, it is clear that the summary mode provided by said constitutional and statutory provisions did not necessarily exclude every other mode for the collection of the taxes.

In this instance, the property sold was burdened with a privilege in favor of the city for the taxes in question. When the sale took place this privilege attached to the proceeds, and was the first privilege thereon, and the city had a right to claim the taxes out of these proceeds, and enforced her privilege therefor by such direct proceeding as was instituted in this case. The city was not compelled to take proceedings to sell the property to pay the taxes, when the same property had already been sold in a judicial proceeding, and the proceeds of that

property, subject to the privilege for taxes, was in the hands of the executors ready for distribution. The city had the right to make direct claim to the sum due, as she did do in the proceeding complained of. Dillon on Corporations, Secs. 653, 655; 13 An. 497; 1 G. M. and I. (Md.) 499; 14 Illinois, 83; 2 Serg. (Tenn.) 167.

Third. It is urged by the counsel for the succession that the condition of the sale of the property, as expressed in the order of sale, was "that the taxes due and exigible in the year 1880, are to be assumed and paid by the purchasers, over and above the price of adjudication. And that by reason of such condition the city was precluded from any claim for taxes on the proceeds of this sale, but must pursue the purchasers of the property. It is a sufficient reply to this to say that the rights of the city to enforce her privilege for the taxes could not be in any way affected by the terms or conditions of an order to which she was no party. No privilege creditor of the succession, not a party to the proceeding, could be thus compelled to abandon or waive his claim on the proceeds of the property, subject to his privilege, and we can see no reason why the city, for her privilege debt and the first privilege bearing on the property, should be subject to a different rule.

The evidence in the record shows that the taxes imposed and due, the payment of which was demanded in this proceeding, were assessed upon the identical property sold, and were properly ordered to be paid out of the proceeds of the sale of this property.

The amendment prayed for, allowing interest on the taxes, "should be granted, as such interest is expressly authorized by law."

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by allowing ten per cent interest per annum on $1953 95 from the 31st March, 1880, and as thus amended, it be affirmed, the succession of François Edmond Dupuy to pay costs of both courts.